UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-62254-BLOOM/Valle

INGRID ROMAN,

    Plaintiff,

v.

DR. MIHAELA E. MATEI,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon *pro se* Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, ECF No. [3] ("Motion"), filed in conjunction with Plaintiff's Complaint, ECF No. [1] ("Complaint"). The Court has carefully considered the Motion, the Complaint, the record in this case, and is otherwise fully advised.

Plaintiff has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis* ("IFP")). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas v. Chattahoochee*

*Judicial Circuit*, 574 F. App'x 916, 916 (11th Cir. 2014) ("A district court has wide discretion in ruling on an application for leave to proceed IFP."). However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp*, 798 F.2d at 437.

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis* the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under Section 1915(e)(2)(B), the Court must dismiss the complaint.

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949). Although a *pro se* litigant's pleadings are construed more liberally than pleadings drafted by attorneys, "this leniency does not give the court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain the action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

Even under the relaxed pleading standard afforded to *pro se* litigants, Plaintiff's Complaint does not set forth cognizable claims. The Complaint does not include sufficient factual matter that, if accepted as true, allows the Court to reasonably infer that Defendant is liable for any misconduct or wrongdoing. The Complaint, in short, alleges that Defendant violated Plaintiff's civil rights by administering an HIV test without her permission, where the test was purportedly administered as part of a mandatory hospital policy. The Complaint lists several federal statutes that Plaintiff contends were violated: 18 U.S.C. § 16 (defining a "crime of violence"); 18 U.S.C. § 351(e) (addressing assault against members of Congress and other government officials); 42 U.S.C. § 2000d (Title VI of the Civil Rights Act); the Americans with Disabilities Act; and the First Amendment. She asserts counts for (i) discrimination; (ii) an ADA violation based on administering an HIV test; and (iii) simple battery.

Even construing the Complaint broadly, Plaintiff fails to allege any discriminatory conduct that could conceivably rise to a civil rights violation. In this respect, the allegations of discrimination are entirely conclusory in nature and unadorned. For instance, Plaintiff alleges that Defendant "discriminated [against] her on the basis of her [r]ace and ethnicity," ECF No. [1] at 6, but she fails to allege any facts that even connect her race and ethnicity to the underlying incident. Regarding claims under the ADA, Plaintiff states that she has "[d]isabilities whether obvious or [hidden]." *Id.* at 9. But even if she is disabled, for which Plaintiff asserts are "physical impairments digestive, neurological, respiratory, breathing and chronic pain," *id.* at 8, she fails to show how Defendant's alleged wrongful actions were in any way connected to her disability. Further, it is unclear how her First Amendment rights were violated. Finally, regarding the claim for battery, the Court lacks independent subject matter jurisdiction over this state law claim because Plaintiff alleges that both she and Defendant are Florida residents. ECF No [1] at 7. Therefore, the

Case No. 20-cv-62254-BLOOM/Valle

Complaint in its present form fails to pass muster.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.

2. The Motion, **ECF No. [3]**, is **DENIED AS MOOT**. Any pending motions are **DENIED AS MOOT**.

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 5, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Ingrid Roman
4631 SW 73rd Avenue
#4
Davie, FL 33314
Email: ror84@yahoo.com